Bradley S. Copeland, OSB # 871964
Arnold Gallagher P.C.
800 Willamette Street, Suite 800
Eugene, OR 97401
(541) 484-0188
541-484-0536 Fax
Email: bcopeland@arnoldgallagher.com

Jeffrey A. Peterson, MNB #0387556 (Admitted *Pro Hac Vice*)
Lathrop GPM LLP
1010 West Saint Germain, Suite 500
St. Cloud, MN 56301
302-202-5339 Telephone
302-257-5724 Fax
Email: Jeffrey.peterson@lathropqpm.com

Of Attorneys for Creditor PSB Credit Services, Inc.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

|  |  |
|---|---|
| In re:<br><br>MARK E. DELONG,<br><br><br>                          Debtor. | Case No. 22-30011-dwh12<br><br>**PSB CREDIT SERVICES, INC'S MOTION TO DISMISS AND MEMORANDUM** |

Secured creditor PSB Credit Services, Inc., by and through its attorneys Arnold Gallagher P.C. and Lathrop GPM LLP, hereby moves the Court for entry of an order dismissing the above-captioned proceeding pursuant to 11 U.S.C. § 1208(c), and in support thereof states as follows:

1

# I.    STATEMENT OF FACTS

1.    Mark E. Delong ("Debtor") is indebted to PSB Credit Services, Inc. ("Lender") under the following promissory notes:

    a.    Promissory Note, dated December 30, 2013, in the amount of $3,275,016.00 ("Note 1");

    b.    Promissory Note, dated December 30, 2013, in the amount of $1,863,325.00 ("Note 2"); and

    c.    Promissory Note, dated December 30, 2013, in the amount of $3,812,000.00 ("Note 3" and collectively with Note 1 and Note 2, the "Notes");

all originally issued to Bank of Eastern Oregon, and subsequently assigned to the Lender on or about December 12, 2018.

2.    The debt evidenced by the Notes is secured by certain real property located in Malheur County, Oregon (the "Real Property Collateral"), as evidenced and perfected by the following recorded deeds of trust (the "Deeds of Trust"):

    a.    Deed of Trust, dated December 30, 2013, granted by the Debtor to Bank of Eastern Oregon, as recorded on December 31, 2013, with the County Clerk of Malheur County, Oregon, Document 2013-5383, as modified and subsequently assigned to the Lender;

    b.    Deed of Trust, dated December 30, 2013, granted by the Debtor to Bank of Eastern Oregon, as recorded on December 31, 2013, with the County Clerk of Malheur County, Oregon, Document 2013-5384, as modified and subsequently assigned to the Lender; and

    c.    Line of Credit Instrument, dated December 30, 2013, granted by the Debtor to Bank of Eastern Oregon, as recorded on December 31, 2013, with the County Clerk of Malheur County, Oregon, Document 2013-5385, as modified and subsequently assigned to the Lender.

The Real Property Collateral includes the irrigation equipment affixed to the real property.

3.    The Notes, Deeds of Trust and any other document that relates to the Notes is hereinafter referred to as the "Loan Documents".

2

4.      The Debtor raises livestock primarily for Producer's Livestock Marketing Association ("PLMA"). The livestock are owned by PLMA, fed by the Debtor until the livestock reach a certain weight, and shipped by PLMA to a feedlot selected by PLMA and then slaughtered and processed at a packing plant selected by PLMA. The Debtor is paid for his services by PLMA based on a contractual formula – which may either result in income or a loss; depending on various factors controlled by PLMA.[1]

5.      On November 18, 2017, the Debtor filed a Chapter 11 bankruptcy petition in the District of Oregon; Case No. 17-34395 (the "2017 Bankruptcy"). The Debtor was represented by the same counsel that represents the Debtor in the above captioned case.

6.      On October 19, 2018, an Order Approving Disclosure Statement and Confirming Debtor's First Amended Plan of Reorganization was entered by the Court in the 2017 Bankruptcy [Doc. 177] (the "2018 Plan"). In support of the 2018 Plan, on August 27, 2018, the Debtor filed Debtor's Fourth Amended Disclosure Statement (Dated August 24, 2018) [Doc. 144], which included supporting financials on August 27, 2018. The financials consisted of a liquidation analysis (Disclosure Statement: Exhibit B) and five (5) years of projected cashflow (Disclosure Statement: Exhibit C). On its face the Debtor's projected cashflow supported $400,000 being paid to the predecessor of the Lender in 2019, $500,000 being paid in 2020, $650,000 being paid in 2021 and $700,000 being paid in 2022. The 2018

---

[1] The Amended Schedules filed by the Debtor on February 11, 2022 [Doc. 22] and, specifically, the description given for PLMA [Schedule D Claim 2.4] and Simplot Livestock Company [Schedule D Claim 2.4], evidence this relationship. The PLMA livestock are physically branded with a "PL" brand – which represents "Producers Livestock" and to evidence that the "PL" livestock are owned by PLMA. As for a "turn" of livestock that occurred in 2016, PLMA placed livestock with the Debtor and then, upon reaching a certain weight, PLMA had the livestock delivered to Simplot Livestock Company ("Simplot"). The feed and other feed supplements consumed by the PLMA livestock, while in the possession of Simplot, were "purchased" on the Debtor's account with Simplot. Again, although the Debtor incurred the costs associated with the livestock; the Debtor did not own the livestock.

Plan was confirmed based upon the Debtor's projections. **Of the $2,250,000 to be paid to the Lender under the 2018 Plan; the Debtor paid $260,000.**

7. On January 5, 2022, and on the eve of a foreclosure sale commenced by the Lender, the Debtor filed the above captioned Chapter 12 bankruptcy.

8. As of January 5, 2022, $5,394,193.53, plus additional fees and expenses, were due and owing on the Notes; which is the aggregate of the following:

| | |
|---|---|
| Principal Balance | $4,662,920.50 |
| Accrued Interest through 8/31/21: | $610,690.00 |
| Accrued Interest 8/1/21 to 1/5/22: | $105,298.33 |
| Attorney Fees | $6,696.00 |
| Costs and Expenses | $8,588.70 |
| TOTAL | $5,394,193.53 |

9. The Debtor continues to raise livestock primarily for PLMA. The Debtor's Motion for Authority to Obtain Credit, filed on March 18, 2022 [Doc. 31] referenced four (4) recent "turns" or livestock arrangements between the Debtor and PLMA in which PLMA placed livestock with the Debtor for feeding and upon reaching a certain weight, PLMA shipped the livestock to a feedlot selected by PLMA. Based on the Amended Schedules filed by the Debtor on February 11, 2022 [Doc. 22], $225,231.00 is still owed to PLMA for a previous unprofitable "turn" for which the loss was realized by the Debtor on or around November 8, 2018, and an unknown amount is still owed by the Debtor for feed and other costs incurred by the Debtor for livestock owed by PLMA and placed with Simplot Livestock Company arising under the 2021 Contract as referenced in Paragraph 8 Debtor's Motion for Authority to Obtain Credit. Paragraph 7 of the Motion cited above references the 2020 Contract, the 2021 Contract, and two subsequent contracts. The compensation paid by PLMA to the Debtor for each turn is outlined in paragraph 9 of the 2021 Contract.

4

10.   On May 2, 2022, the Debtor filed his proposed Chapter 12 plan (the "Proposed Plan"). The Proposed Plan proposes to retain the Real Property Collateral and pay the Lender the principal amount of $3,260,000, with interest accruing thereon at the rate of 3.25% over twenty (20) years. The Lender filed a Response and Objection of PSB Credit Services, Inc. to Chapter 12 Plan Dated April 29, 2022, on June 8, 2022 [Doc. 65]. An appraisal effectively dated April 5, 2022, prepared at the request of the Lender opines that the appraised value of the Real Property Collateral is $5,125,000. The Lender is under-secured.

11.   An amended proposed Chapter 12 plan was to be prepared and filed by the Debtor and set for hearing on August 11, 2022. No amended plan has been filed.

## II.   LEGAL ARGUMENT

The above-asserted facts outline and establish cause to dismiss Debtor's Chapter 12 bankruptcy. Section 1208(c) of the Bankruptcy Code enumerates several bases upon which a debtor's Chapter 12 bankruptcy can be dismissed:

> (c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—
>
>> (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;
>> . . .
>> (9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation[.]

11 U.S.C. § 1208(c).

A.   Unreasonable Delay. Section 1221 provides a chapter 12 plan shall be filed no later than 90 days after the order for relief, and under Section 1224 the court shall hold a plan confirmation hearing no later than 45 days after the filing of the Chapter 12 plan. The above captioned case was filed on January 5, 2022; or almost seven (7) months ago. As of the date

of filing this Motion, two objections, one from the Trustee and one from Lender, have been made to the Proposed Plan. The Trustee's objection [Doc. 61], focused on the failure of Debtor to provide information needed to assess the feasibility of the Proposed Plan, including tax returns, a liquidation analysis, financial forecasting, and other unspecified information. Lender made similar objections regarding a lack of information to determine feasibility, as well as additional grounds. Lender herein incorporates by reference all arguments made in its objection to the Proposed Plan. The Lender agreed to the continuance of the confirmation hearing to August 11, 2022, to allow the Debtor to address the filed plan objections and file an amended Chapter 12 plan. No amended plan has been filed. Debtor's failure or delay in addressing objections to the Proposed Plan, or proposing an amended plan to resolve objections, constitutes cause for dismissal. *See In re Malek*, 591 B.R. 420, 431 (Bankr. N.D. Cal. 2018) (length of time to plan confirmation combined with a failure of Debtor to address plan objections is unreasonable delay). *See also In re Buckingham*, 197 B.R. 97, 105 (Bankr. D. Mont. 1996) ("Chapter 13 statutory construction and practice 'provide a valuable tool for interpretation of Chapter 12.'").

B. <u>Continuing Loss to or Diminution of the Estate and Absence of a Reasonable Likelihood of Rehabilitation</u>. As of January 5, 2022, $5,394,193.53 plus additional fees and expenses due and owing on the Notes. The appraised value of the Real Property Collateral is only $5,125,000. The Lender is under-secured. The Lender is prejudiced by the delay and the delay is causing a diminution of the bankruptcy estate as any equity of the Debtor is being exhausted by fees, costs and unpaid property taxes; equity that should otherwise be paid to unsecured creditors like the Lender. The estate continues to diminish with the passage of time as adequate repayment is not made to creditors.

6

Furthermore, there is no reasonable likelihood of rehabilitation. A feasibility analysis applies to the "cause" provided for in Section 1208(c)(9). *See In re Sine*, No. K08-00152-DMD, 2009 WL 8413041, at *2 (Bankr. D. Alaska Apr. 21, 2009) (finding both unreasonable delay and failure to propose feasible plan as sufficient "cause" for dismissal of Chapter 12 case); *In re Euerle Farms, Inc.*, 861 F.2d 1089 (8th Cir.1988) (dismissing Chapter 12 case under § 1208(c)(1) because the debtor was unable to propose a feasible plan where income and expense projections supplied by the debtor clearly showed that reorganization was completely unrealistic and the inability to propose a feasible plan creates unreasonable delay); *In re Pertuset*, 492 B.R. 232 (Bankr. S.D. Ohio 2012) (dismissing Chapter 12 case under § 1208(c)(9) because the Debtors did not have a viable farming operation sufficient to pay expenses and fund a plan and that the value of the estate continues to diminish with the passage of time and the lack of payments to creditors); *In re Butler*, 101 B.R. 566, 568–69 (Bankr. E.D. Ark. 1989) (dismissing Chapter 12 case under § 1208(c)(9) because the debtor had no realistic chance of reorganization and creditors had received no payments for the year that the debtor operated his business under the shield of the bankruptcy court); *Novak v. DeRosa (In re Novak)*, 934 F.2d 401 (2d Cir. 1991) (dismissing Chapter 12 case under § 1208(c)(1) because the debtor failed to file feasible plan).

The Proposed Plan does not meet the feasibility requirement of 11 U.S.C. § 1225(a)(6) and as such there is no reasonable likelihood of rehabilitation. Debtor bears the burden of proving he has satisfied the feasibility requirement, and while Debtor is not required to guarantee success, "courts cannot confirm plans that are purely 'visionary[.]'" *In re Wilson*, 378 B.R. 862, 891 (Bankr. D. Mont. 2007). In determining feasibility "the details of the

[Debtor's] historic performance and the distinguishing characteristics of the Debtor's current operation plan are relevant." *In re Nauman*, 213 B.R. 355, 358 (9th Cir. B.A.P. 1997).

Here, Debtor has done little to meet his burden of proving feasibility because Debtor has provided no details on projected financials or analysis of his current operation compared to his historic operation. For reasons elaborated on further in Lender's plan objection [Doc. 65], the information that is available to creditors demonstrates that the Proposed Plan is not feasible, and that Debtor is unable to propose and confirm a feasible plan. Historically, as demonstrated in his previous bankruptcy, Debtor was only able to pay Lender $260,000 of the required $2,250,000. In Debtor's pending bankruptcy, any proposed plan require substantially greater annual payments than the amount the Debtor was unable to pay under the terms of his confirmed Chapter 11 plan in the 2017 Bankruptcy. *See In re Nauman*, 213 B.R. at 358 ("past behavior and productivity are excellent indicators of future productivity") *quoting In re Crowley*, 85 B.R. 76, 79 (W.D. Wis. 1988).

    C.   <u>Lack of Good Faith</u>. Lack of good faith in filing a Chapter 12 petition also constitutes cause for dismissal. *See In re Buckingham*, 197 B.R. at 105; *In re Beswick*, 98 B.R. 900, 901 (Bankr. N.D. Ill. 1989). "Bankruptcy Courts are increasingly confronting the good faith issue in repeat-filing cases. . . . [S]everal courts consider repeat filings to be an abuse of both the Bankruptcy Code and the creditors' rights under state law. . . . [They] also violate the purpose and spirit of Chapter 12[,] [which] suggests Congress intended Chapter 12 cases to move along expeditiously so as to protect creditors' interests and to preclude diminution in the value of collateral if a reorganization cannot be achieved." *Id.* at 902–04. *See In re Walton*, 116 B.R. 536, 540 (Bankr. N.D. Ohio 1990) ("[F]iling in order to halt a foreclosure, frustrating legitimate efforts of a creditor to enforce its rights under state law, is further indicia of bad

8

faith"); *In re Borg*, 105 B.R. 56, 58 (Bankr. D. Mont. 1989) (finding where "Debtor's repeated petition filings closely mirror and are influenced by creditors' actions in foreclosure suits" that Debtor's bankruptcy was "filed to deter and harass the [secured creditor] from its bona fide efforts to realize on its security."). *See also In re Turner*, 71 B.R. 120, 123 (Bankr. D. Mont. 1987) (finding Chapter 11 caselaw using identical provisions persuasive).

Good faith is implicated where "Debtor's repeated petition filings closely mirror and are influenced by creditors' actions in foreclosure suits." In re Borg, 105 B.R. at 58 (dismissing Chapter 12 case where debtor's repeat filings and final filing on the date of foreclosure hearing). Here, Debtor has been in the process of bankruptcy since 2017, wherein he paid Lender little more than a tenth of the payments proposed under the plan confirmed as to the 2017 Bankruptcy. Debtor filed his current Chapter 12 bankruptcy on the eve of Lender's foreclosure. The timing of Debtor's filing is "more than just a coincidence" and is evidence of lack of good faith, and when combined with Debtor's failures address the objections to the Proposed Plan, and lack of feasibility (addressed below), is sufficient cause to dismiss..

The totality of the circumstances constitute cause to dismiss under 11 U.S.C. § 1208(c). Although 11 U.S.C. § 1208(c) sets forth nine specific grounds for dismissing a Chapter 12 case, dismissal is not limited to those nine grounds, however, and a court may find other examples of conduct that would allow dismissal. *See In re Euerle Farms, Inc.,* 861 F.2d 1089 (8th Cir.1988). To the extent any of the aforementioned facts are not sufficient in and of themselves to justify dismissal, or to the extent they do not directly fall within one of the expressly listed causes for dismissal under 11 U.S.C. § 1208(c), when considered as a whole, they indicate dismissing the above captioned case is the proper course of action. For the above reasons, cause exists to dismiss under 11 U.S.C. § 1208(c).

### III. CONCLUSION

For the reasons identified above, Lender respectfully requests an order dismissing this case pursuant to 11 U.S.C. §§ 1208(c).

Dated this 29th day of July 2022.

*/s/ Bradley S. Copeland*
Bradley S. Copeland, OSB # 871964
ARNOLD GALLAGHER PC
800 Willamette Street, Suite 800
Eugene, OR 97401
(541) 484-0188

and

*/s/ Jeffrey A. Peterson*
Jeffrey A. Peterson, Minn. Bar No. 387556
LATHROP GPM LLP
1010 West St. Germain St, Suite 500
St. Cloud, MN 56301
(320) 252-4414

Attorneys for PSB Credit Services, Inc.

## **VERIFICATION**

I, Kevin Mulder, an authorized representative of PSB Credit Services declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 28 , 2022

_____
Kevin Mulder
Vice President

## CERTIFICATE OF SERVICE

I certify that on **July 29, 2022**, I served or caused to be served a true and complete copy of **PSB CREDIT SERVICES, INC'S MOTION TO DISMISS AND MEMORANDUM** to the parties listed below as follows:

**Via CM/ECF electronic transmission:**

JESSE A BAKER on behalf of Creditor JPMorgan Chase Bank, N.A.
ecforb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

Virginia Andrews Burdette
vab@andrewsburdette.com, ta@andrewsburdette.com;vbch12tr@seanet.com

NICHOLAS J HENDERSON on behalf of Debtor Mark E. Delong nhenderson@portlaw.com, tcoble@portlaw.com;tsexton@portlaw.com;shalstead@portlaw.com;hendersonnr86571@notify. bestcase.com

SHEILA R. SCHWAGER on behalf of Creditor Producers Livestock Marketing Association sschwager@hawleytroxell.com, thummel@hawleytroxell.com

TROY SEXTON on behalf of Debtor Mark E. Delong tsexton@portlaw.com, nhenderson@portlaw.com,troy-sexton-4772@ecf.pacerpro.com,tcoble@portlaw.com,courtnotices@portlaw.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

**Via first class, regular mail:**

See Attached Mailing Matrix.

ARNOLD GALLAGHER P.C.

*/s/ Bradley S. Copeland*
Bradley S. Copeland, OSB No. 871964
Of Attorneys for Creditor PSB Credit Services, Inc.

Label Matrix for local noticing
0979-3
Case 22-30011-dwh12
District of Oregon
Portland
Fri Jul 29 14:19:27 PDT 2022

1050 SW 6th Ave. #700
Portland, OR 97204-1160

AB Livestock, LLC
1555 Shoreline Drive
Suite 320
Boise, ID 83702-9109

Arnold Gallagher, PC
c/o Bradley S. Copeland
800 Willamette Street, Suite 800
Eugene, OR 97401-2996

Bair & Sons
2048 6th Ave W
Vale, OR 97918-5022

Capital One
PO Box 60599
City of Industry, CA 91716-0599

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Darin and Cathy Hill
4481 South Road 'E'
Vale, OR 97918-5084

Discover
PO Box 51908
Los Angeles, CA 90051-6208

Farmers Supply Co-Op
514 SW 4th Ave.
Ontario, OR 97914-2690

IRS
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Idaho Power
PO Box 70
Boise ID 83707-0070

Idaho Power
Processing Dept.
PO Box 5381
Carol Stream, IL 60197-5381

Malheur County Property Tax
251 B St Suite 14
Vale, OR 97918-1375

Malheur County Tax Collector
251 B Street West Room #10
Vale, OR 97918-1375

ODR Bkcy
955 Center NE, #353
Salem, OR 97301-2555

ODR Bkcy
955 Center St NE
Salem OR 97301-2555

PSB Credit Services, Inc.
508 Third Street
Prinsburg, MN 56281-3700

Pattie Baker
2090 7th Ave
Vale, OR 97918-5028

Prinz Bank - PSB Credit Services
PO Box 38
Prinsburg, MN 56281-0038

Producers Livestock Marketing Assoc
PO Box 540477
North Salt Lake, UT 84054-0477

Producers Livestock Marketing Association
c/o Sheila R. Schwager
Hawley Troxell Ennis & Hawley LLP
PO Box 1617
Boise, ID 83701-1617

Sheila Schwager
Hawley Troxell Ennis & Hawley LLP
PO Box 1617
Boise, ID 83701-1617

Simplot Livestock Company
1301 Hwy 67
Grand View, ID 83624-5062

Small Business Administration
2401 4th Ave. #450
Seattle, WA 98121-3459

U.S. Small Business Administration
2401 4th Ave, Suite 450
Seattle, WA 98121-3459

US Trustee, Portland
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204-2829

Mark E. Delong
2090 7th Ave. W.
Vale, OR 97918-5028

NICHOLAS J HENDERSON
Motschenbacher & Blattner, LLP
117 SW Taylor Street
Ste 300
Portland, OR 97204-3029

TROY SEXTON
Motschenbacher & Blattner, LLP
117 SW Taylor St
Ste 300
Portland, OR 97204-3029

Virginia Andrews Burdette
Virginia Andrews Burdette, Trustee
P.O. Box 16600
Seattle, WA 98116-0600

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase
PO Box 15123
Wilmington, DE 19850-5123

(d)JPMorgan Chase Bank, N.A.
National Bankruptcy Department
P.O. Box 29505 AZ1-5757
Phoenix, AZ 85038-9505

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)JPMorgan Chase Bank, N.A.

(u)PBS Credit Services Inc

(u)Producers Livestock Marketing Association

End of Label Matrix
Mailable recipients    30
Bypassed recipients     3
Total                  33