UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**Mark E. Delong**



Debtor(s)

Case No. ___**22-30011-dwh12**___
☐ Amended

**NOTICE OF PRE-CONFIRMATION
AMENDMENT OF PLAN AND
CONFIRMATION HEARING**

*Instructions to filer:* Contact the calendar clerk to obtain the hearing date, time and evidentiary status before completing this notice. If a telephone hearing is scheduled, mark the Access Code box for the hearing judge. Per LBR 3015-2(b), an amended plan may not be filed fewer than 28 days before the next scheduled confirmation hearing.

The proponent, by and through the undersigned, certifies that:

1.  An amended plan is attached to this notice.

2.  A confirmation hearing on the amended plan, at which testimony [*check one*]

    ☐ will not be received,

    ☒ will be received if offered and admissible,

    will be held:

**Date:**___**10/05/22**___          **Time:** ___**1:30 p.m.**___

**Location**: ☐ Courtroom #_____, _____

          ☐ Telephone Hearing [*See Local Bankruptcy Form (LBF) 888, Telephone Hearing Requirements.*]

          **Call In Number:** (888) 684-8852

          **Access Code:**  ☐ 5870400 for Judge David W. Hercher (dwh)

                    ☐ 1238244 for Judge Peter C. McKittrick (pcm)

                    ☐ 4950985 for Judge Teresa H. Pearson (thp)

                    ☐ 3388495 for Judge Thomas M. Renn (tmr)

          ☒ Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

**1355.05 (10/4/2021)**          Page 1 of 2

3. A separate summary of the amendments has been served on the trustee along with the amended plan and any modified budget or other pertinent information.

4. On __09/01/22__ this notice, LBF 888 if a telephone hearing will be held, and the amended plan described above were served on the trustee (with the attachments required in paragraph 3) and all creditors. A list of the names, addresses, and methods for service on all parties served using paper is attached.

Date: ____09/01/22____  __/s/ Nicholas J. Henderson, Attorney for Debtor (503) 417-0508__
Signature, Relation to Proponent, and Contact Phone #
__2090 7th Ave. W., Vale, OR 97918   SSN: ~3391__
Debtor's Address and Taxpayer ID#(s) (last 4 digits)

NOTICE IS GIVEN THAT any creditor who has any objection to any provision of the amended plan must file the objection with the court at least 7 days before the confirmation hearing. Filing a proof of claim or a motion for relief from the automatic stay will not be considered an objection to confirmation.

CLERK, U.S. BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
 Mark E. Delong

Case No.     22-30011-dwh12

**First Amended**

**CHAPTER 12 PLAN DATED**          08/23/22

☒ Motion to Value Collateral
☐ Secured Claim Amount Limited with Creditor Consent

Debtor(s)

1.  The debtor shall pay to the trustee (a) a periodic payment of $ _See Continuation Stmt 1_ every _See Continuation Stmt 1_ (insert either month, quarter, six months or year); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same postpetition tax year or tax paid by setoff by a tax agency for a postpetition tax year) received by the debtor during:     ☐ The life of the plan, or ☒ 36 months from the date the first plan payment is due (*check applicable provision; if neither is checked, "for the life of the plan" applies*); (d) a lump sum payment of $_____ on _____(date); and (e) _____.

2.  From the payments so received, the trustee shall make disbursements as follows:
    (a) First, to the trustee's commission and expenses.
    (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided for in this plan or the confirmation order. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under § 1228, as appropriate. Any allowed secured claims will be paid as shown below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority portion of the claim, and, if not, under the provisions of pt. 2(f) only. The following also apply:
    (1)   To creditors whose claims have been timely filed and allowed as secured, make payments as follows: Estimated prepetition arrearages on property must be shown below, separately, and identified as such if debtor is curing defaults under 11 U.S.C. § 1222(b)(5)). **The arrearages and total amount of debt shown in a timely filed and allowed secured claim shall control**.

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| **See attached Plan Continuation Statement No. 2(b)(1)** | | | | | | | |

**1200.05 (7/6/2020)**

Page 1 of 4

Case 22-30011-dwh12   Doc 92   Filed 09/01/22

If payments to a creditor are to begin after debtor's attorney has been paid, the payments to said attorney shall not exceed $ __100,000__ before the creditor is paid. If the debtor is not paying the debt in full, the debtor MOVES the court for an order fixing the value of the collateral as set forth above.

If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of the amount of any secured claim, if under secured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral. Otherwise, the creditor's proof of claim shall control.

(2) Debtor proposes that the creditor(s) specifically identified below agree to the following treatment which the court might not be able to approve absent consent of creditor(s). **Failure of creditor(s) to file a written objection to this plan prior to confirmation shall constitute acceptance of the plan**. From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. Estimated prepetition arrearages, if curing and reinstating, must be shown below. **The arrearages shown in a timely filed and allowed secured claim shall control.**

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |

If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above, unless creditor(s) objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case, the values will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral.

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for the subject secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid preconfirmation. If the debtor fails to make monthly payments sufficient to pay the adequate protection payments in full, the trustee will disburse available funds pro rata according to the payments proposed for subject secured creditors. Adequate protection payments paid through the trustee preconfirmation will be deducted from the amount of the allowed claim. Unless the concerned secured creditor is fully secured or oversecured, no interest shall be paid from the date of the filing of the petition to the date of

confirmation unless otherwise specifically provided for in the payment provisions set forth above.

    (4)  The debtor shall surrender any collateral which is not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following creditors (state creditor NAME and DESCRIBE collateral to be surrendered):

**N/A**

(c) Third, pro rata, until fully paid, allowed unsecured domestic support obligations.

(d) Fourth, allowed administrative expenses under § 507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in § 507(a)(3)-(10), unless otherwise ordered.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by § 1225(b)(1). These monies will be distributed in the method indicated in the applicable section marked below. The terms of pt. 8 shall also apply.

    ☒ (1) The creditors will receive approximately __12.3__ % of their claims. This percentage will vary depending on the amount of total creditors' claims filed.

    ☐ (2) The creditors will receive a minimum _____% of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.

(g) Pursuant to § 1225(a)(4), the unsecured creditors as a group will receive ☐ 100% ☐ a minimum of $_____ (*check applicable provision; if neither is checked, "100%" controls*) plus _____% shall be paid on all timely filed and allowed priority and nonpriority unsecured claims from the date of plan confirmation to compensate for deferred payment.

3.  The debtor moves for assumption of the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
| **Producers Livestock Marketing Association ("PLMA")** | **NONE** | **N/A** |

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4.  The debtor shall pay directly to each of the following creditors, whose debts are fully secured, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such

secured creditor(s) in pt. 2(b):
**U.S. Small Business Administration (Proof of Claim No. 5)**

5. The property described below is to be sold [also state offering price and whether it will be offered through a broker (and if so, who), and state date by which it will be sold and what will occur if it is not timely sold], all offers received by the debtor shall be promptly communicated to the trustee and lienholders, and no sale of such property shall be completed without notice to lienholders and the trustee and an opportunity for a hearing:
**N/A**

6. Subject to the provisions of § 502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

7. Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan pursuant to 11 U.S.C. § 1227.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The scheduled month and year the plan will be completed is _____**12/31/2027**_____and the cause for a plan longer than 36 months is: **Debtor needs longer plan length to fund all amounts due under the plan.** _____. Except as otherwise explicitly provided by pt. _____, the debtor shall make plan payments for the longer of either: (a) 36 months from the date the first payment is due under the original plan, unless the debtor pays 100% of all claims with interest if required, or (b) the time necessary to complete required payments to creditors.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification, and any interested party who has requested special notice.

10. Except as otherwise provided herein, (a) postpetition interest on all unsecured claims is disallowed, and (b) unsecured claims allowed in the amount of $25 or less, to the extent claims of that class are entitled to a distribution under this plan, shall be paid in the full amount allowed prior to any payments to other unsecured claims of the same class.

| _**/s/ Mark E. Delong**_____ | **08/23/22**_____ | _____ | _____ |
| Debtor | Date | Debtor | Date |

**1200.05 (7/6/2020)**                    Page 4 of 4

Case 22-30011-dwh12   Doc 92   Filed 09/01/22

**In re Mark E. Delong**
**Case No. 22-30011-dwh12**
**First Amended Chapter 12 Plan Dated August 23, 2022**

**Chapter 12 Plan Continuation Statement for Paragraph 1**

In Paragraph 1 of the Plan, the provision for periodic payments shall read:

- Debtor shall pay $50,000 on or before 12/31/2022; and
- $150,000 every six months thereafter, beginning 7/1/2023

| Creditor / Class | Collateral | Estimated Arrearage, if Curing | Collateral Value, if Not Paying in Full | Estimated Total Debt if Paying in Full | Term of Payments (Up to) | Post-Confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| Malheur County Tax Collector CLASS 1 | Real Property – All Accounts | N/A | N/A | $32,360.56 | 2.5 years | 16% per annum | $10,885, every 6 months, beginning July 2023 |
| Producers Livestock Marketing Association CLASS 2 *Non-Dischargeable* *See Continuation Statement No. 13* | Livestock and Proceeds | N/A | N/A | $63,070.50 | 3 years | 6.25% per annum | $12,000, plus AAFAAC every 6 months, beginning July 2023* |
| U.S. Small Business Administration CLASS 3 | All personal property | N/A | N/A | $159,970.89 | See ¶ 4 | 3.75% per annum | Direct Payment; see Para. 4 and Continuation Statement 4. |
| PSB Credit Services, Inc. CLASS 4 *See Continuation Statement No. 11.* | Real Property | N/A | $3,228,329.44** | N/A | 30 years | 3.25% per annum | $85,482.00 every 6 months, beginning July 2023 |

\* "AAFAAC" means: all available funds after administrative claims are paid in full, including attorney fees.

\*\* Value of $3,228,329.44 provided is the property value of $3,260,600, less the property tax claim of $32,360.56.

**Chapter 12 Plan Continuation Statement for Paragraph 4**
**First Amended Plan Dated August 23, 2022**

   The debtor shall pay directly to each of the following creditors, whose debts are fully secured, the regular payment due post-petition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such secured creditor(s) in pt. 2(b):

   1.  <u>U.S. Small Business Administration</u>.  Debtor shall begin making regular monthly payments to the SBA within 30 days after the Effective Date of the Plan.

**Additional Paragraphs for Chapter 12 Plan**
**First Amended Plan Dated August 23, 2022**

The following Paragraphs are added to the end of the Chapter 12 Plan dated August 23, 2022:

11.     Detailed treatment of PSB Credit Services, Inc. claim:

- Within 30 days following the effective date of this First Amended Chapter 12 Plan dated August 23, 2022, PSB Credit Services, Inc. ("**PSB**") and Debtor shall calculate the amount owing under the Debtor's three existing promissory notes, including interest, fees and costs allowed under 11 U.S.C. § 506(b) (if any).  The parties shall execute appropriate documents to amend, restate and consolidate such notes and related loan documents into two loan obligations—one secured in the amount of $3,260,600 (the "**New Secured Note**"), and one unsecured note in the amount of $264,953.11, representing PSB's pro-rata share of Plan dividend for the unsecured class of creditors (the "**New Unsecured Note**").

- The debtor will:  (1) pay and discharge all federal, state, local taxes before they become delinquent; (2) maintain insurance on PSB's collateral for the full insurable value thereof with PSB named as loss payee and additional insured; and (3) allow PSB access to the debtor's premises with reasonable notice to inspect PSB's collateral.

- All collateral securing the Debtor's existing promissory notes to PSB will secure the New Secured Note with the same validity and priority that they secure the existing notes.

- The Debtor will promptly execute such instruments and documents as PSB may reasonably request from time to time, including but not limited to modifications of mortgage and memoranda of modifications of mortgage, as may be necessary or appropriate to evidence the modification and restructure of the debtor's loan documents under the plan.

12.     To continue his cattle operations throughout the life of the Plan, the Debtor may continue to enter into new Producers Livestock Marketing Association (PLMA) Feeding and Grazing Contract and Agreements, in forms acceptable to PLMA, without further need for approval by the Bankruptcy Court or Chapter 12 Trustee.  In general, pursuant to the Feeding Agreement and the Program, PLMA places livestock owned by PLMA with the Debtor. The Debtor is responsible for feedings and caring for the livestock and, in exchange, the Debtor is entitled to a certain profit (or responsible for a certain loss) upon the sale of the livestock. Producers receives a normal handling charge and interest under the Program. Based upon the Debtor's experience in operating under the PLMA program, the Debtor has projected to generate revenues as set forth on the Exhibit 3 attached hereto.

13.     The Class 2 Claim of Producers Livestock Marketing Association ("PLMA") in the amount of 63,070.50, plus accruing interest and fees and costs, is non-dischargable in this case and any other bankruptcy filed by the Debtor, to be paid in accordance with the terms of this First Amended Plan. If there is a breach in the payment terms to PLMA, and if that breach is not

cured in the manner and in the time provided by the Plan, then PLMA may file a breach of contract action to obtain a monetary judgment, and proceed with its rights thereon.

14.    The effectiveness of this First Amended Chapter 12 Plan dated August 23, 2022 shall not preclude the assertion by Debtor against any creditor of any and all objections to claims, nor the raising by Debtor of offsets, counterclaims or recoupment against any creditor.

15.    Notwithstanding any provision in this Plan to the contrary, Debtor shall be entitled to retain any government assistance payments received from any government agency related to or designed to alleviate the effects of COVID-19.  Debtor shall be entitled to use any funds received for business operations.

16.    Once payments have been made by the Debtor for 5 years, the Debtor shall receive a discharge and the case shall be closed, provided that the only claims remaining to be paid are to holders of allowed claims provided for under 11 U.S.C. §§ 1222(b)(5) or 1222(b)(9).

**In re: Mark E. Delong**
**Case No.: 22-30011-dwh12**

**EXHIBIT 1: LIQUIDATION ANALYSIS**

| | PART I - REAL ESTATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Line | Description and Location (See Detailed Breakdown in Part IV - Attached) | Estimated Gross Sales Price/Value | Commission & Closing Costs (est. 7%) | Subtotal | Less Liens/ Mortgages | Lienholder(s) | Less Exemptions | Net to Seller Before Taxes | Notes |
| 1 | 2090 7th Ave., Vale, Oregon Feedlot/House | $ 450,000.00 | $ (31,500.00) | $ 418,500.00 | $ (450,000.00) | Malheur County Tax Collector; PSB Credit Services, Inc. | $ - | $ - | |
| 2 | 2090 7th Ave., Vale, Oregon Grange | $ 200.00 | $ (14.00) | $ 186.00 | $ (200.00) | Malheur County Tax Collector; PSB Credit Services, Inc. | $ - | $ - | |
| 3 | 4676 John Day Hwy, Vale, Oregon Earl's Place | $ 210,000.00 | $ (14,700.00) | $ 195,300.00 | $ (210,000.00) | Malheur County Tax Collector; PSB Credit Services, Inc. | $ - | $ - | |
| 4 | 4593 John Day Hwy, Vale, Oregon Thomas Place | $ 1,750,000.00 | $ (122,500.00) | $ 1,627,500.00 | $ (1,750,000.00) | Malheur County Tax Collector; PSB Credit Services, Inc. | $ - | $ - | |
| 5 | 4460/4462 John Day Hwy, Vale, Oregon Barb's Place | $ 500,000.00 | $ (35,000.00) | $ 465,000.00 | $ (500,000.00) | Malheur County Tax Collector; PSB Credit Services, Inc. | $ - | $ - | |
| 6 | Corner of 7th Ave. and E Road, Vale, Oregon Hill Place | $ 350,000.00 | $ (24,500.00) | $ 325,500.00 | $ (350,000.00) | Malheur County Tax Collector; PSB Credit Services, Inc. | $ - | $ - | |
| 7 | TOTALS: | $ 3,260,200.00 | $ (228,214.00) | $ 3,031,986.00 | $ (3,260,200.00) | | $ - | $ - | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |

| | PART II - PERSONAL PROPERTY | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11 | Asset Description | Estimated Gross Sales Price/Value | Auctioneer Commission (est. 15%) | Subtotal | Less Liens/ Mortgages | Lienholder(s) | Less Exemptions | Net to Seller Before Taxes | Notes |
| 12 | Food | $ 300.00 | $ (45.00) | $ 255.00 | | U.S. Small Business Admin. | $ (300.00) | $ - | |
| 13 | Furniture and Household Goods | $ 1,400.00 | $ (210.00) | $ 1,190.00 | | U.S. Small Business Admin. | $ (1,400.00) | $ - | |
| 14 | Antiques | $ 1,000.00 | $ (150.00) | $ 850.00 | | U.S. Small Business Admin. | $ (1,000.00) | $ - | |
| 15 | Shotgun | $ 250.00 | $ (37.50) | $ 212.50 | | U.S. Small Business Admin. | $ (250.00) | $ - | |
| 16 | Cash | $ 100.00 | $ (15.00) | $ 85.00 | | U.S. Small Business Admin. | | $ 85.00 | |
| 17 | Checking Account | $ 1,046.48 | $ (156.97) | $ 889.51 | | U.S. Small Business Admin. | $ (400.00) | $ 489.51 | |
| 18 | Fax Machine and Telephone | $ 300.00 | $ (45.00) | $ 255.00 | | U.S. Small Business Admin. | $ (300.00) | $ - | |
| 19 | Hand and Power Tools | $ 5,000.00 | $ (750.00) | $ 4,250.00 | | U.S. Small Business Admin. | | $ 4,250.00 | |
| 20 | Pivots | $ 400,000.00 | $ (60,000.00) | $ 340,000.00 | $ (400,000.00) | PSB Credit Services, Inc.; U.S. Small Business Admin. | | $ - | |
| 21 | Hand Chopper | $ 1,200.00 | $ (180.00) | $ 1,020.00 | | U.S. Small Business Admin. | | $ 1,020.00 | |
| 22 | 2 horses | $ 2,000.00 | $ (300.00) | $ 1,700.00 | | U.S. Small Business Admin. | $ (1,000.00) | $ 700.00 | |
| 23 | 1200 Cattle at Simplot | $ 240,000.00 | | $ 240,000.00 | $ (80,000.00) | Producers Livestock Marketing Assoc. | | $ 160,000.00 | |
| 24 | 296 Cattle PL Branded | $ 272,000.00 | | $ 272,000.00 | $ (272,000.00) | Producers Livestock Marketing Assoc. | | $ - | |
| 25 | 4 Bulls E Branded | $ 68,000.00 | | $ 68,000.00 | $ (68,000.00) | U.S. Small Business Admin. | | $ - | |
| 26 | 16 Cow/Calf Pairs E Branded | $ 24,000.00 | | $ 24,000.00 | $ (24,000.00) | U.S. Small Business Admin. | | $ - | |
| 27 | 20 Bred Heifers E Branded | $ 20,000.00 | | $ 20,000.00 | $ (20,000.00) | U.S. Small Business Admin. | | $ - | |
| 28 | 16 Feedlot Calves E Branded | $ 16,800.00 | | $ 16,800.00 | $ (16,800.00) | U.S. Small Business Admin. | | $ - | |

**Exhibit 1 - Page 1 of 2**

**In re: Mark E. Delong**
**Case No.: 22-30011-dwh12**

| | Asset Description | Estimated Gross Sales Price/Value | Auctioneer Commission (est. 15%) | Subtotal | Less Liens/ Mortgages | Lienholder(s) | Less Exemptions | Net to Seller Before Taxes | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 29 | | | | | | | | | |
| 30 | 1,000 ton silage | $ 126,000.00 | | $ 126,000.00 | $ (31,170.89) | U.S. Small Business Admin. | | $ 94,829.11 | |
| 31 | Feed Truck | $ 2,500.00 | $ (375.00) | $ 2,125.00 | $ - | U.S. Small Business Admin. | | $ 2,125.00 | |
| 32 | John Deere Chopper with Hay and Corn Head | $ 70,000.00 | $ (10,500.00) | $ 59,500.00 | | U.S. Small Business Admin. | | $ 59,500.00 | |
| 33 | Dump Truck | $ 4,000.00 | $ (600.00) | $ 3,400.00 | | U.S. Small Business Admin. | | $ 3,400.00 | |
| 34 | 2 Trailers | $ 17,000.00 | $ (2,550.00) | $ 14,450.00 | | U.S. Small Business Admin. | | $ 14,450.00 | |
| 35 | Loader Case | $ 15,000.00 | $ (2,250.00) | $ 12,750.00 | | U.S. Small Business Admin. | | $ 12,750.00 | |
| 36 | Challenger Swather (1/2 interest) | $ 23,000.00 | $ (3,450.00) | $ 19,550.00 | | U.S. Small Business Admin. | | $ 19,550.00 | |
| 37 | Baler 2170 | $ 15,000.00 | $ (2,250.00) | $ 12,750.00 | | U.S. Small Business Admin. | | $ 12,750.00 | |
| 38 | TOTALS: | $ 1,325,896.48 | $ (83,864.47) | $ 1,242,032.01 | $ (911,970.89) | | $ (4,650.00) | $ 385,898.62 | |
| 39 | | | PART III - OTHER CALCULATIONS | | | | | | |
| 40 | FROM EQUITY IN REAL ESTATE | | $ - | | | | | | |
| 41 | FROM EQUITY IN PERSONAL PROPERTY | | $ 385,898.62 | | | | | | |
| 42 | TOTAL EQUITY AVAILABLE FOR CREDITORS | | $ 385,898.62 | | | | | | |
| 43 | | | | | | | | | |
| 44 | | | | | | | | | |
| 45 | LESS CHAPTER 7 TRUSTEE FEES | | | | | | | | |
| 46 | Calculation for Trustee's Commission: | | | | | | | | |
| 47 | Net Proceeds of Real Property (After Liens, Exemptions, Costs): | | $ - | | | | | | |
| 48 | Net Proceeds of Personal Property (After Liens, Exemptions, Costs): | | $ 385,898.62 | | | | | | |
| 49 | Total Proceeds: | | $ 385,898.62 | | | | | | |
| 50 | 25% of First $5,000 | | $ (1,250.00) | | | | | | |
| 51 | 10% of $5,000 - $50,000 | | $ (4,500.00) | | | | | | |
| 52 | 5% of $50,000 - $1,000,000 | | $ (16,794.93) | | | | | | |
| 53 | 3% over $1,000,000 | | $ - | | | | | | |
| 54 | Total Est. Trustee Fee: | | $ (22,544.93) | | | | | | |
| 55 | | | | | | | | | |
| 56 | Subtotal, Amount Remaining For Creditors: | | $ 363,353.69 | | | | | | |
| 57 | | | | | | | | | |
| 58 | LESS: ADMINISTRATIVE EXPENSES | | | | | | | | |
| 59 | Motschenbacher & Blattner LLP | | $ (100,000.00) | | | | | | |
| 60 | Subtotal, Amount Remaining For Creditors: | | $ 263,353.69 | | | | | | |
| 61 | | | | | | | | | |
| 62 | LESS PRIORITY CLAIMS: | | | | | | | | |
| 63 | IRS: | | $ (1,000.00) | | | | | | |
| 64 | OR Dept. Revenue: | | $ - | | | | | | |
| 65 | Total Priority Claims: | | $ (1,000.00) | | | | | | |
| 66 | | | | | | | | | |
| 67 | Subtotal, Amount Remaining For Creditors: | | $ 262,353.69 | | | | | | |
| 68 | | | | | | | | | |
| 69 | Total Allowed Unsecured Claims (including bifurcated claims): | | $ 2,138,710.56 | | | | | | |
| 70 | Chapter 7 Est. Dividend: | | 12.267% | | | | | | |
| 71 | Proposed Plan Dividend: | | 12.300% | | | | | | |

**Exhibit 1 – Page 2 of 2**

**In re: Mark E. Delong**
**Bankr. Case No. 22-30011-dwh12**

**EXHIBIT 2: CLAIMS ANALYSIS**

| Class # | Claim # | Creditor Name | Amount Owed Per Claim | Value of Collateral, Less Superior Liens | Unsecured Portion (Treated Below) | Allowed Secured Claim | Notes |
|---|---|---|---|---|---|---|---|
| **SECURED** | | | | | | | |
| 1 | 1 | Malheur County Tax Collector | $ 32,360.56 | $ 3,260,200.00 | $ - | $ 32,360.56 | |
| * | 2 | JPMorgan Chase Bank, N.A. | $ 3,817.45 | $ 3,817.45 | $ - | $ - | Already Paid in Full by Third Party; Object |
| 2 | 4 | Producers Livestock Marketing Assoc. | $ - | $ 46,069.72 | $ - | $ 46,069.72 | |
| 3 | 5 | U.S. Small Business Administration | $ 159,970.89 | at least $159,970.89 | $ - | $ 159,970.89 | |
| 4 | 6 | PSB Credit Services, Inc. | $ 5,394,193.53 | $ 3,627,839.44 | $ 1,766,354.09 | $ 3,627,839.44 | Value listed consists of all real property, less allowed property tax claims (Class 1), plus $400,000 for irrigation equipment. |
| | | | | | **Subtotal Secured Claims:** | **$ 3,866,240.61** | |

| Class # | Claim # | Creditor Name | Amount Owed Per Schedule E | Amount Owed Per Claim | Difference | Allowed Priority Claim | Notes |
|---|---|---|---|---|---|---|---|
| **PRIORITY** | | | | | | | |
| 5 | 3 | IRS | $ - | $ 1,000.00 | $ (1,000.00) | $ 1,000.00 | |
| | | | | | **Subtotal Priority Claims:** | **$ 1,000.00** | |

| Class # | Claim # | Creditor Name | Amount Owed Per Schedule F | Amount Owed Per Claim | Difference | Allowed Unsecured Claim | Notes |
|---|---|---|---|---|---|---|---|
| **GENERAL UNSECURED CREDITORS** | | | | | | | |
| 6 | 6 | PSB Credit Services | $ 1,766,354.09 | $ 1,766,354.09 | $ - | $ 1,766,354.09 | Unsecured portion of bifurcated claim. |
| | 6 SchF | AB Livestock | $ 253,000.00 | n/a | $ - | $ - | Claim disallowed; marked as contingent, unliquidated, disputed. |
| | 6 SchF | Bair & Sons | $ 18,000.00 | n/a | $ - | $ - | Claim disallowed; marked as disputed. |
| | 6 SchF | Capital One | $ 1,835.00 | n/a | $ - | $ 1,835.00 | |
| | 6 SchF | Chase | $ 1,490.00 | n/a | $ - | $ 1,490.00 | |
| | 6 SchF | Discover | $ 6,443.64 | n/a | $ - | $ 6,443.64 | |
| | 6 SchF | Farmer's Supply Co-op | $ 362,587.83 | n/a | $ - | $ 362,587.83 | |
| | | | | | **Subtotal Priority Claims:** | **$ 2,138,710.56** | |

**Exhibit 2 - Page 1 of 1**

**In re Mark E. Delong**
**Case No. 22-30011-dwh12**

**EXHIBIT 3: INCOME AND EXPENSE PROJECTIONS**

| | 8/2022 to 12/2022 | 2023 | 2024 | 2025 | 2026 | 2027 |
|---|---|---|---|---|---|---|
| Est. Beginning Cash | $ 50,000.00 | $ 22,087.00 | $ 62,835.00 | $ 105,583.00 | $ 148,331.00 | $ 191,079.00 |
| | | | | | | |
| **INCOME** | | | | | | |
| Farm Income | 120,000.00 | 795,000.00 | 795,000.00 | 795,000.00 | 795,000.00 | 795,000.00 |
| Rent | 25,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 | 55,000.00 |
| **Total Income:** | 145,000.00 | 850,000.00 | 850,000.00 | 850,000.00 | 850,000.00 | 850,000.00 |
| | | | | | | |
| **EXPENSES** | | | | | | |
| Insurance | - | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| Freight | 7,800.00 | 42,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 |
| Fuel | 8,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 |
| Feed | 60,000.00 | 150,000.00 | 150,000.00 | 150,000.00 | 150,000.00 | 150,000.00 |
| Repairs | 5,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 |
| Supplies | 500.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Brand/Licenses/Fees | 2,000.00 | 7,200.00 | 7,200.00 | 7,200.00 | 7,200.00 | 7,200.00 |
| Seed, Fertilizer | - | 17,000.00 | 17,000.00 | 17,000.00 | 17,000.00 | 17,000.00 |
| Irrigation | - | 27,000.00 | 27,000.00 | 27,000.00 | 27,000.00 | 27,000.00 |
| Taxes | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 |
| Unknown/Misc. | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| Veterinarian | 6,000.00 | 21,600.00 | 21,600.00 | 21,600.00 | 21,600.00 | 21,600.00 |
| Living Expenses (See Sch. J): | 9,420.00 | 37,680.00 | 37,680.00 | 37,680.00 | 37,680.00 | 37,680.00 |
| **Total Expenses** | 120,720.00 | 425,480.00 | 423,480.00 | 423,480.00 | 423,480.00 | 423,480.00 |
| | | | | | | |
| **Income** | 145,000.00 | 850,000.00 | 850,000.00 | 850,000.00 | 850,000.00 | 850,000.00 |
| **Less Expenses** | 120,720.00 | 425,480.00 | 423,480.00 | 423,480.00 | 423,480.00 | 423,480.00 |
| **Gross Profit/(Loss)** | 24,280.00 | 424,520.00 | 426,520.00 | 426,520.00 | 426,520.00 | 426,520.00 |
| | | | | | | |
| **Est. Income Taxes** | | (75,000.00) | (75,000.00) | (75,000.00) | (75,000.00) | (75,000.00) |
| | | | | | | |
| **Debt Payments:** | | | | | | |
| SBA Loan Payments: | $ (2,193.00) | $ (8,772.00) | $ (8,772.00) | $ (8,772.00) | $ (8,772.00) | $ (8,772.00) |
| Trustee Payment: | $ (50,000.00) | $ (300,000.00) | $ (300,000.00) | $ (300,000.00) | $ (300,000.00) | $ (300,000.00) |
| | | | | | | |
| **Ending Cash:** | $ 22,087.00 | $ 62,835.00 | $ 105,583.00 | $ 148,331.00 | $ 191,079.00 | $ 233,827.00 |
| | **Payments Begin** | **End of Year 1** | **End of Year 2** | **End of Year 3** | **End of Year 4** | **End of Year 5** |

**Exhibit 3 - Page 1 of 1**