Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                               )
**Mark E. Delong**                  )   Case No. __22-30011-dwh12__
                                    )
                                    )   ORDER CONFIRMING CHAPTER 12
                                    )   PLAN AND RESOLVING MOTIONS
Debtor(s)                           )

The debtor's current plan was transmitted to the appropriate creditors and after hearing upon notice, the Court found the provisions of 11 USC §1225(a) were complied with, THEREFORE IT IS ORDERED that:

 1. The debtor's plan dated ___8/23/22___ as modified by any amendment shown in pt. 10 below, is confirmed.

 2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall immediately report to the trustee if actual or projected gross annual income exceeds by more than 10% the gross farming income and/or net farm income projected by the debtor in the most recently filed Exhibit D-1. Except for those amounts listed in the schedules, the debtor shall immediately report to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular farm income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including but not limited to bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease, encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

 3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition taxes and/or domestic support obligations may constitute cause for dismissal of the debtor's chapter 12 case under 11 USC §1208(c).

 4. The debtor's attorney is awarded $__See Paragraph 17__, for attorney fees herein, of which $__See Paragraph 17__ has been previously paid by the debtor leaving a balance of $__See Paragraph 17__. The trustee is directed to pay any balance from sums remaining after payments under pt. 2(b) of the plan are current.

1255.05 (10/17/05) **Page 1 of 2**        [**NOTE**: Printed text may **NOT** be stricken!]

Case 22-30011-dwh12    Doc 118    Filed 11/10/22

5. The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in pt. 10 below. Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in pt. 10 below. The name **AND** service address for each creditor affected by this paragraph are as follows:

**See attached Continuation Statement No. 5.**

6. Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7. The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

8. All payments under the confirmed plan shall be paid no later than 5 years after entry of the first order confirming a plan in this case. If all payments are not completed by that date, the case may be dismissed.

9. All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

10. The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [NOTE: Debtor must INCLUDE a service address for any creditor named below]:

**See attached Continuation Statement No. 10. A copy of the Amended Plan containing all of the amendments proposed by interlineation is attached hereto as Exhibit 1.**

11. The terms of this order are subject to any objection filed within 15 days by [NOTE: Debtor must INCLUDE a service address for any affected creditor whose address is not already listed in pts. 5 or 10]:

**N/A**

12. The trustee is authorized to commence disbursements in accordance with the plan.

13. In the event this case is converted to one under Chapter 7 and the Chapter 12 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the trustee shall forward all such funds to the Chapter 7 trustee. In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

###

*I certify that on*  **11/2/22**  *I served this Order on the trustee for submission to the court.*

**/s/ Nicholas J. Henderson**
*DEBTOR OR DEBTOR'S ATTORNEY*

Approved: _____
*Trustee*

1255.05 (10/17/05) **Page 2 of 2**   [**NOTE**: Printed text may **NOT** be stricken!]

Case 22-30011-dwh12    Doc 118    Filed 11/10/22

In re Mark E. Delong
Case No. 22-30011-dwh12

# CONTINUATION STATEMENTS TO ORDER CONFIRMING PLAN

### Continuation Statement No. 5

| | |
|---|---|
| Malheur County Tax Collector<br>Attn: Jennifer Forsyth, Treasurer<br>251 B Street West Room #10<br>Vale, OR 97918 | Producers Livestock Marketing Assoc.<br>c/o Sheila R. Schwager<br>Hawley Troxell Ennis & Hawley LLP<br>PO Box 1617<br>Boise, ID 83701 |
| PSB Credit Services, Inc.<br>508 Third Street<br>Prinsburg, MN 56281 | U.S. Small Business Administration<br>2401 4th Ave, Suite 450<br>Seattle, WA 98121 |

### Continuation Statement No. 10.

Debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan:

**I.  The plan payment terms described in Paragraph 1 shall be changed to the following:**

- Debtor shall pay $75,000 on or before 12/1/2022; and
- Debtor shall pay $50,000 on or before 12/31/2022; and
- Debtor shall pay $75,000 on or before 2/28/2023; and
- $165,000 every six months thereafter, beginning 8/31/2023

**II.  In the Continuation Statement for Paragraph 2(b)(1), the contents of the row describing the treatment of PSB Credit Services, Inc. (Class 4), shall be replaced with the following:**

| Column Title: | Replacement Text: |
|---|---|
| Creditor/Class: | PSB Credit Services, Class 4 |
| Collateral: | Real Property, Irrigation Equipment |
| Estimated Arrearage, if Curing: | N/A |
| Collateral Value, if Not Paying in Full: | $5,125,000 |
| Estimated Total Debt if Paying in Full: | N/A |
| Term of Payments (Up to): | See Paragraph 11 |
| Post-Confirmation Interest Rate: | 7.25% |
| Periodic Payment: | See Paragraph 11 |

**III.  Paragraph 11 to the Plan shall be replaced with the following:**

11. Notwithstanding any other term or condition of the plan, the claim of PSB Credit Services, Inc. ("PSB") will be treated as follows:

  A. Claim; Repayment.  As of January 5, 2022 (the "Petition Date"), $5,393,522.84 was due and owing to PSB which is secured by certain property of the Debtor as evidenced by the amended proof of claim filed by PSB on August 26, 2022 [Claim No. 6-2]; for which the Debtor acknowledges is the amount owed to PSB.  The allowed secured claim will be bifurcated into two tranches for purposes of repayment only under the terms of Debtor's confirmed Chapter 12 Plan, each secured by the real and personal property collateral referenced in PSB's amended proof of claim, and paid as follows:

    1. Tranche A.  The bifurcated amount of $3,228,329.44 (the "Tranche A Debt") will accrue interest, as of the Petition Date, at the fixed rate of 7.25%, and will be amortized over thirty (30) years, with the Debtor paying semi-annual payments of principal and accrued interest of $132,693.62.  Each semi-annual payment of $132,693.62 will be due and payable on the first day of March and September of each calendar year; beginning September 1, 2023.  In addition to the semi-annual payments commencing September 1, 2023, the Debtor will also pay $66,346.81 on December 1, 2022, and $66,346.81 on March 1, 2023.  All payments shall be applied, first, to accrued interest, then, second, to outstanding principal.  The Tranche A Debt will mature on the sixth anniversary of the plan confirmation hearing, at which time, the Tranche A Debt will be due and payable in full.

    2. Tranche B.  The bifurcated amount of $1,896,670.56 [$5,125,000 - $3,228,329.44] (the "Tranche B Debt") will accrue interest, as of the Petition Date, at the fixed rate of 7.25%.  The Tranche B Debt will mature on the sixth anniversary of the plan confirmation hearing, at which time, the Tranche B Debt will be due and payable in full.

    3. Unsecured Claim.  PSB shall have an allowed unsecured claim of $268,522.84 [$5,393,522.84 – ($3,228,329.44 + $1,896,670.56)].

  B. Sale of Encumbered Real Property.  The Debtor shall execute a listing agreement with a licensed realtor of his choice and acceptable to PSB, market and sell the following properties commonly known as "Barb's Place", "Earl/Grandma's Place" and the "Feedlot", and as identified in brackets as to the associated parcel in the Debtor's Schedules filed on January 24, 2022 (the "Schedules"), in accordance with the following terms and conditions:

   1. "Barb's Place" [Identified as Parcel 5 in the Schedules]:

    a. December 1, 2022 – deadline for signed listing agreement with licensed realtor selected by Debtor and acceptable to PSB;

    b. September 1, 2023 – deadline for signed purchase agreement; and

    c. December 1, 2023 – deadline to close on the sale.

    2. <u>"Earl/Grandma's Place" [Identified as Parcel 3 in Schedules]</u>:

        a. December 1, 2022 – deadline for signed listing agreement with a licensed realtor selected by Debtor and acceptable to PSB;

        b. September 1, 2023 – deadline for signed purchase agreement; and

        c. December 1, 2023 – deadline to close on the sale.

    3. <u>"Feedlot" [Identified as Parcel 1 in Schedules]</u>:

        a. June 1, 2024 – deadline for signed listing agreement with a licensed realtor selected by Debtor and acceptable to PSB;

        b. March 1, 2025 – deadline for signed purchase agreement; and

        c. June 1, 2025 – deadline to close on the sale.

    4. <u>Monthly written status report from Debtor's realtor</u>. The Debtor shall provide a monthly written status report, prepared by the Debtor's realtor, to PSB and the Trustee with a status of the listing, the current listing price, any offers received by the Debtor, and any correspondences between the Debtor, the realtor and any prospective buyers. PSB may correspond directly with the realtor, in writing copied to the Debtor and the Trustee, as to the status report.

    5. <u>Sale; Release of Lien; Application of Sale Proceeds</u>. To the extent the proceeds from the sale of any of the encumbered property do not satisfy the Tranche A and Tranche B debt, in full, PSB may elect not to release its lien. As to any approved sale, the sale proceeds shall be applied, first, against the outstanding balance of the Tranche B debt until paid in full, then, second, against the outstanding balance of the Tranche A debt until paid in full.

    C. <u>Additional Plan Terms</u>.

    1. <u>Pre-petition Liens.</u> The pre-petition liens of PSB shall continue to encumber the collateral referenced in PSB's amended proof of claim without further action by PSB, and, although not required under Debtor's confirmed Chapter 12 Plan, PSP may take such action that is necessary to maintain and perfect its pre-petition liens without further notice, motion or order.

    2. <u>Pre-Petition Property Taxes</u>. The Debtor shall pay all pre-petition property taxes by December 31, 2022.

    3. <u>Non-monetary Loan Terms</u>. The non-monetary loan terms set forth in the loan documents referenced in PSB's amended proof of claim (maintain insurance, pay post-petition property taxes when due, etc.) are incorporated into the confirmed Chapter 12 plan as though set forth in the plan in their entirety.

    4. <u>Non-Merger Estoppel Deeds</u>.  Contemporaneous with the confirmation of Debtor's Chapter 12 Plan, Debtor shall execute and deliver to PSB non-merger estoppel deeds prepared by PSB and acceptable to Debtor and the Trustee for each parcel of real property described in the deeds of trust appended to PSB's  amended proof of claim, which shall be delivered to Cascade Escrow at its office located at 811 Willamette Street, Eugene, Oregon 97401 with instructions that allow for the release of the non-merger estoppel deeds to PSB in the event of Debtor's default under the confirmed Chapter 12 Plan that is not timely cured and, upon Debtor's full satisfaction of the amounts due PSB a release of the non-merger estoppel deeds to the Debtor (the "<u>Deeds-In-Lieu</u>").  PSB shall be solely responsible for the costs associated with this escrow.

    5. <u>Stay Relief</u>.  The Debtor consents to, and the confirmation order shall serve as, a stay relief order under 11 U.S.C. 362(d) to allow PSB to affect its rights and remedies under this plan and applicable law without further notice or hearing.

  D. <u>Event of Default; Right to Cure</u>**.**  The failure of the Debtor to comply with the above terms and conditions shall be an event of default (an "<u>Event of Default</u>").  With the exception of the deadlines in Section B above, the Debtor shall be entitled to a forty-five (45) cure period as to any other Event of Default.  For the Section B deadlines there is no cure period.  Notice of default shall be effective, three days after mailing, if sent by regular United States mail to the address of the Debtor at the address provided in the Debtor's bankruptcy petition.

  E. <u>Remedies</u>.  Upon an Event of Default and the expiration of the applicable cure period; or on the sixth anniversary of the plan confirmation order; PSB may elect to either:

    1. <u>Record Deeds-in-Lieu</u>. Request and obtain the release of the Deeds-in-Lieu from the escrow agent and record the Deeds-in-Lieu;

    2. <u>Sale of Properties</u>.  File a motion with the Court requesting that the Chapter 12 trustee sell the remaining properties; or

    3. <u>Foreclosure</u>.  Commence a foreclosure or such other enforcement action allowed under the loan documents and applicable law.

**IV.** **Paragraph 16 shall be replaced with the following text:**

 Once payments have been made by the Debtor for 5 years, the Debtor shall receive a discharge pursuant to 11 U.S.C. § 1228(a), and the case shall be closed, subject to the claim of PSB Credit Services, Inc. not being discharged until such time as the Tranche A Debt and the Trance B Debt are paid in full under this Plan.  For the avoidance of doubt, the Tranche A Debt and Tranche B Debt held by PSB Credit Services, Inc. are  allowed claims provided for under 11 U.S.C. §§ 1222(b)(5) and/or 1222(b)(9).

In re Mark E. Delong
Case No. 22-30011-dwh12

V.      **Paragraph 17 shall be added to the Plan to read as follows:**

      Debtor's requested attorney fees shall be held in reserve by the Chapter 12 Trustee until allowed by separate order of the Court.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**Mark E. Delong**

Debtor(s)

Case No. **22-30011-dwh12**

**First Amended**

CHAPTER 12 PLAN DATED **8/23/2022 (as modified at confirmation)**
☒ Motion to Value Collateral
☐ Secured Claim Amount Limited with Creditor Consent

1. The debtor shall pay to the trustee (a) a periodic payment of $ **See Continuation Stmt 1** every **See Continuation Stmt 1** (insert either month, quarter, six months or year); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same postpetition tax year or tax paid by setoff by a tax agency for a postpetition tax year) received by the debtor during:  ☐ The life of the plan, or ☒ 36 months from the date the first plan payment is due (*check applicable provision; if neither is checked, "for the life of the plan" applies*); (d) a lump sum payment of $_____ on _____ (date); and (e) _____.

2. From the payments so received, the trustee shall make disbursements as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided for in this plan or the confirmation order. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under § 1228, as appropriate. Any allowed secured claims will be paid as shown below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority portion of the claim, and, if not, under the provisions of pt. 2(f) only. The following also apply:
   (1) To creditors whose claims have been timely filed and allowed as secured, make payments as follows: Estimated prepetition arrearages on property must be shown below, separately, and identified as such if debtor is curing defaults under 11 U.S.C. § 1222(b)(5)). **The arrearages and total amount of debt shown in a timely filed and allowed secured claim shall control**.

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| **See attached Plan Continuation Statement No. 2(b)(1)** | | | | | | | |

If payments to a creditor are to begin after debtor's attorney has been paid, the payments to said attorney shall not exceed $ __75,000__ before the creditor is paid. If the debtor is not paying the debt in full, the debtor MOVES the court for an order fixing the value of the collateral as set forth above.

If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of the amount of any secured claim, if under secured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral. Otherwise, the creditor's proof of claim shall control.

(2) Debtor proposes that the creditor(s) specifically identified below agree to the following treatment which the court might not be able to approve absent consent of creditor(s). **Failure of creditor(s) to file a written objection to this plan prior to confirmation shall constitute acceptance of the plan**. From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. Estimated prepetition arrearages, if curing and reinstating, must be shown below. **The arrearages shown in a timely filed and allowed secured claim shall control.**

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| **NONE** | | | | | | | |

If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above, unless creditor(s) objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case, the values will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral.

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for the subject secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid preconfirmation. If the debtor fails to make monthly payments sufficient to pay the adequate protection payments in full, the trustee will disburse available funds pro rata according to the payments proposed for subject secured creditors. Adequate protection payments paid through the trustee preconfirmation will be deducted from the amount of the allowed claim. Unless the concerned secured creditor is fully secured or oversecured, no interest shall be paid from the date of the filing of the petition to the date of

confirmation unless otherwise specifically provided for in the payment provisions set forth above.

    (4) The debtor shall surrender any collateral which is not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following creditors (state creditor NAME and DESCRIBE collateral to be surrendered):

**N/A**

(c) Third, pro rata, until fully paid, allowed unsecured domestic support obligations.

(d) Fourth, allowed administrative expenses under § 507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in § 507(a)(3)-(10), unless otherwise ordered.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by § 1225(b)(1). These monies will be distributed in the method indicated in the applicable section marked below. The terms of pt. 8 shall also apply.

    ☒ (1) The creditors will receive approximately __12.3__% of their claims. This percentage will vary depending on the amount of total creditors' claims filed.

    ☐ (2) The creditors will receive a minimum _____% of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.

(g) Pursuant to § 1225(a)(4), the unsecured creditors as a group will receive ☐ 100% ☐ a minimum of $_____ (*check applicable provision; if neither is checked, "100%" controls*) plus _____% shall be paid on all timely filed and allowed priority and nonpriority unsecured claims from the date of plan confirmation to compensate for deferred payment.

3. The debtor moves for assumption of the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
| **Producers Livestock Marketing Association ("PLMA")** | **NONE** | **N/A** |

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are fully secured, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such

secured creditor(s) in pt. 2(b):
**U.S. Small Business Administration (Proof of Claim No. 5)**

5. The property described below is to be sold [also state offering price and whether it will be offered through a broker (and if so, who), and state date by which it will be sold and what will occur if it is not timely sold], all offers received by the debtor shall be promptly communicated to the trustee and lienholders, and no sale of such property shall be completed without notice to lienholders and the trustee and an opportunity for a hearing:
    **N/A**

6. Subject to the provisions of § 502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

7. Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan pursuant to 11 U.S.C. § 1227.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The scheduled month and year the plan will be completed is __**12/31/2027**__ and the cause for a plan longer than 36 months is: **Debtor needs longer plan length to fund all amounts due under the plan.**
Except as otherwise explicitly provided by pt. _____, the debtor shall make plan payments for the longer of either: (a) 36 months from the date the first payment is due under the original plan, unless the debtor pays 100% of all claims with interest if required, or (b) the time necessary to complete required payments to creditors.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification, and any interested party who has requested special notice.

10. Except as otherwise provided herein, (a) postpetition interest on all unsecured claims is disallowed, and (b) unsecured claims allowed in the amount of $25 or less, to the extent claims of that class are entitled to a distribution under this plan, shall be paid in the full amount allowed prior to any payments to other unsecured claims of the same class.

| **/s/ Mark E. Delong** | **08/23/22** | | |
|---|---|---|---|
| Debtor | Date | Debtor | Date |

**In re Mark E. Delong**
**Case No. 22-30011-dwh12**
**First Amended Chapter 12 Plan Dated August 23, 2022**
**(As Modified at Confirmation)**

**Chapter 12 Plan Continuation Statement for Paragraph 1**

In Paragraph 1 of the Plan, the provision for periodic payments shall read:

- Debtor shall pay $75,000 on or before 12/1/2022; and
- Debtor shall pay $50,000 on or before 12/31/2022; and
- Debtor shall pay $75,000 on or before 3/1/2023; and
- $165,000 every six months thereafter, beginning 9/1/2023

Page 1 of 7 – Plan Continuation Statements　　　　　　　　　　　　In re: Mark E. Delong
First Amended Plan Dated August 23, 2022　　　　　　　　　　　　Case No. 22-30011-pcm12
(As Modified at Confirmation)　　　　　　　　　　　　　　　　　　　　　　{00559327:3}

**Exhibit 1 - Page 5 of 13**
Case 22-30011-dwh12    Doc 118    Filed 11/10/22

| Creditor / Class | Collateral | Estimated Arrearage, if Curing | Collateral Value, if Not Paying in Full | Estimated Total Debt if Paying in Full | Term of Payments (Up to) | Post-Confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| Malheur County Tax Collector CLASS 1 | Real Property – All Accounts | N/A | N/A | $32,360.56 | 2.5 years | 16% per annum | Paid in full by December 31, 2022 |
| Producers Livestock Marketing Association CLASS 2 *Non-Dischargeable See Continuation Statement No. 13* | Livestock and Proceeds | N/A | N/A | $63,070.50 | 3 years | 6.25% per annum | $12,000, plus AAFAAC every 6 months, beginning September 1, 2023* |
| U.S. Small Business Administration CLASS 3 | All personal property | N/A | N/A | $159,970.89 | See ¶ 4 | 3.75% per annum | Direct Payment; see Para. 4 and Continuation Statement 4. |
| PSB Credit Services, Inc. CLASS 4 *See Paragraph 11.* | Real Property | N/A | $5,125,000 | N/A | See ¶ 11 | 7.25% per annum | See Para. 11 |

* "AAFAAC" means: all available funds after administrative claims are paid in full, including attorney fees.

Page 2 of 7 – Plan Continuation Statements
First Amended Plan Dated August 23, 2022
(As Modified at Confirmation)

In re: Mark E. Delong
Case No. 22-30011-pcm12

{00559327:3}

Case 22-30011-dwh12    Doc 118    Filed 11/10/22

Exhibit 1 - Page 6 of 13

**Chapter 12 Plan Continuation Statement for Paragraph 4**
**First Amended Plan Dated August 23, 2022**
**(As Modified at Confirmation)**

      The debtor shall pay directly to each of the following creditors, whose debts are fully secured, the regular payment due post-petition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such secured creditor(s) in pt. 2(b):

      1.    <u>U.S. Small Business Administration</u>.  Debtor shall begin making regular monthly payments to the SBA within 30 days after the Effective Date of the Plan.

Page 3 of 7 – Plan Continuation Statements　　　　　　　　　　　　In re: Mark E. Delong
First Amended Plan Dated August 23, 2022　　　　　　　　　　　　Case No. 22-30011-pcm12
(As Modified at Confirmation)　　　　　　　　　　　　　　　　　　　　　　　　{00559327:3}

**Exhibit 1 - Page 7 of 13**
Case 22-30011-dwh12    Doc 118    Filed 11/10/22

# Additional Paragraphs for Chapter 12 Plan
# First Amended Plan Dated August 23, 2022
# (As Modified at Confirmation)

The following Paragraphs are added to the end of the First Amended Chapter 12 Plan dated August 23, 2022 (As Modified at Confirmation):

**11.** <u>Detailed treatment of PSB Credit Services, Inc. claim</u>. Notwithstanding any other term or condition of the plan, the claim of PSB Credit Services, Inc. ("<u>PSB</u>") will be treated as follows:

    A. <u>Claim; Repayment</u>. As of January 5, 2022 (the "<u>Petition Date</u>"), $5,393,522.84 was due and owing to PSB which is secured by certain property of the Debtor as evidenced by the amended proof of claim filed by PSB on August 26, 2022 [Claim No. 6-2]; for which the Debtor acknowledges is the amount owed to PSB. The allowed secured claim will be bifurcated into two tranches for purposes of repayment only under the terms of Debtor's confirmed Chapter 12 Plan, each secured by the real and personal property collateral referenced in PSB's amended proof of claim, and paid as follows:

        1. <u>Tranche A</u>. The bifurcated amount of $3,228,329.44 (the "<u>Tranche A Debt</u>") will accrue interest, as of the Petition Date, at the fixed rate of 7.25%, and will be amortized over thirty (30) years, with the Debtor paying semi-annual payments of principal and accrued interest of $132,693.62. Each semi-annual payment of $132,693.62 will be due and payable on the first day of March and September of each calendar year; beginning September 1, 2023. In addition to the semi-annual payments commencing September 1, 2023, the Debtor will also pay $66,346.81 on December 1, 2022, and $66,346.81 on March 1, 2023. All payments shall be applied, first, to accrued interest, then, second, to outstanding principal. The Tranche A Debt will mature on the sixth anniversary of the plan confirmation hearing, at which time, the Tranche A Debt will be due and payable in full.

        2. <u>Tranche B</u>. The bifurcated amount of $1,896,670.56 [$5,125,000 - $3,228,329.44] (the "<u>Tranche B Debt</u>") will accrue interest, as of the Petition Date, at the fixed rate of 7.25%. The Tranche B Debt will mature on the sixth anniversary of the plan confirmation hearing, at which time, the Tranche B Debt will be due and payable in full.

        3. <u>Unsecured Claim</u>. PSB shall have an allowed unsecured claim of $268,522.84 [$5,393,522.84 – ($3,228,329.44 + $1,896,670.56)].

    B. <u>Sale of Encumbered Real Property</u>. The Debtor shall execute a listing agreement with a licensed realtor of his choice and acceptable to PSB, market and sell the following properties commonly known as "Barb's Place", "Earl/Grandma's Place" and the "Feedlot", and as identified in brackets as to the associated parcel in the Debtor's Schedules filed on January 24, 2022 (the "<u>Schedules</u>"), in accordance with the following terms and conditions:

Page 4 of 7 – Plan Continuation Statements　　　　　　　　　　　　　In re: Mark E. Delong
First Amended Plan Dated August 23, 2022　　　　　　　　　　　　　Case No. 22-30011-pcm12
(As Modified at Confirmation)　　　　　　　　　　　　　　　　　　　　　　　{00559327:3}

Exhibit 1 - Page 8 of 13
Case 22-30011-dwh12    Doc 118    Filed 11/10/22

1. "Barb's Place" [Identified as Parcel 5 in the Schedules]:

   a. December 1, 2022 – deadline for signed listing agreement with licensed realtor selected by Debtor and acceptable to PSB;

   b. September 1, 2023 – deadline for signed purchase agreement; and

   c. December 1, 2023 – deadline to close on the sale.

2. "Earl/Grandma's Place" [Identified as Parcel 3 in Schedules]:

   a. December 1, 2022 – deadline for signed listing agreement with a licensed realtor selected by Debtor and acceptable to PSB;

   b. September 1, 2023 – deadline for signed purchase agreement; and

   c. December 1, 2023 – deadline to close on the sale.

3. "Feedlot" [Identified as Parcel 1 in Schedules]:

   a. June 1, 2024 – deadline for signed listing agreement with a licensed realtor selected by Debtor and acceptable to PSB;

   b. March 1, 2025 – deadline for signed purchase agreement; and

   c. June 1, 2025 – deadline to close on the sale.

4. Monthly written status report from Debtor's realtor. The Debtor shall provide a monthly written status report, prepared by the Debtor's realtor, to PSB and the Trustee with a status of the listing, the current listing price, any offers received by the Debtor, and any correspondences between the Debtor, the realtor and any prospective buyers. PSB may correspond directly with the realtor, in writing copied to the Debtor and the Trustee, as to the status report.

5. Sale; Release of Lien; Application of Sale Proceeds. To the extent the proceeds from the sale of any of the encumbered property do not satisfy the Tranche A and Tranche B debt, in full, PSB may elect not to release its lien. As to any approved sale, the sale proceeds shall be applied, first, against the outstanding balance of the Tranche B debt until paid in full, then, second, against the outstanding balance of the Tranche A debt until paid in full.

C. Additional Plan Terms.

1. Pre-petition Liens. The pre-petition liens of PSB shall continue to encumber the collateral referenced in PSB's amended proof of claim without further action by

Page 5 of 7 – Plan Continuation Statements　　　　　　　　　　　　　　　　　　In re: Mark E. Delong
First Amended Plan Dated August 23, 2022　　　　　　　　　　　　　　　　　Case No. 22-30011-pcm12
(As Modified at Confirmation)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　{00559327:3}

Exhibit 1 - Page 9 of 13
Case 22-30011-dwh12    Doc 118    Filed 11/10/22

PSB, and, although not required under Debtor's confirmed Chapter 12 Plan, PSP may take such action that is necessary to maintain and perfect its pre-petition liens without further notice, motion or order.

        2. <u>Pre-Petition Property Taxes</u>. The Debtor shall pay all pre-petition property taxes by December 31, 2022.

        3. <u>Non-monetary Loan Terms</u>. The non-monetary loan terms set forth in the loan documents referenced in PSB's amended proof of claim (maintain insurance, pay post-petition property taxes when due, etc.) are incorporated into the confirmed Chapter 12 plan as though set forth in the plan in their entirety.

        4. <u>Non-Merger Estoppel Deeds</u>. Contemporaneous with the confirmation of Debtor's Chapter 12 Plan, Debtor shall execute and deliver to PSB non-merger estoppel deeds prepared by PSB and acceptable to Debtor and the Trustee for each parcel of real property described in the deeds of trust appended to PSB's amended proof of claim, which shall be delivered to Cascade Escrow at its office located at 811 Willamette Street, Eugene, Oregon 97401 with instructions that allow for the release of the non-merger estoppel deeds to PSB in the event of Debtor's default under the confirmed Chapter 12 Plan that is not timely cured and, upon Debtor's full satisfaction of the amounts due PSB a release of the non-merger estoppel deeds to the Debtor (the "<u>Deeds-In-Lieu</u>"). PSB shall be solely responsible for the costs associated with this escrow.

        5. <u>Stay Relief</u>. The Debtor consents to, and the confirmation order shall serve as, a stay relief order under 11 U.S.C. 362(d) to allow PSB to affect its rights and remedies under this plan and applicable law without further notice or hearing.

        D. <u>Event of Default; Right to Cure</u>**.** The failure of the Debtor to comply with the above terms and conditions shall be an event of default (an "<u>Event of Default</u>"). With the exception of the deadlines in Section B above, the Debtor shall be entitled to a forty-five (45) cure period as to any other Event of Default. For the Section B deadlines there is no cure period. Notice of default shall be effective, three days after mailing, if sent by regular United States mail to the address of the Debtor at the address provided in the Debtor's bankruptcy petition.

        E. <u>Remedies</u>. Upon an Event of Default and the expiration of the applicable cure period; or on the sixth anniversary of the plan confirmation order; PSB may elect to either:

        1. <u>Record Deeds-in-Lieu</u>. Request and obtain the release of the Deeds-in-Lieu from the escrow agent and record the Deeds-in-Lieu;

        2. <u>Sale of Properties</u>. File a motion with the Court requesting that the Chapter 12 trustee sell the remaining properties; or

        3. <u>Foreclosure</u>. Commence a foreclosure or such other enforcement action allowed under the loan documents and applicable law.

Page 6 of 7 – Plan Continuation Statements         In re: Mark E. Delong
First Amended Plan Dated August 23, 2022         Case No. 22-30011-pcm12
(As Modified at Confirmation)         {00559327:3}

Exhibit 1 - Page 10 of 13
Case 22-30011-dwh12   Doc 118   Filed 11/10/22

12. To continue his cattle operations throughout the life of the Plan, the Debtor may continue to enter into new Producers Livestock Marketing Association (PLMA) Feeding and Grazing Contract and Agreements, in forms acceptable to PLMA, without further need for approval by the Bankruptcy Court or Chapter 12 Trustee. In general, pursuant to the Feeding Agreement and the Program, PLMA places livestock owned by PLMA with the Debtor. The Debtor is responsible for feedings and caring for the livestock and, in exchange, the Debtor is entitled to a certain profit (or responsible for a certain loss) upon the sale of the livestock. Producers receives a normal handling charge and interest under the Program. Based upon the Debtor's experience in operating under the PLMA program, the Debtor has projected to generate revenues as set forth on the Exhibit 3 attached hereto.

13. The Class 2 Claim of Producers Livestock Marketing Association ("PLMA") in the amount of 63,070.50, plus accruing interest and fees and costs, is non-dischargable in this case and any other bankruptcy filed by the Debtor, to be paid in accordance with the terms of this First Amended Plan. If there is a breach in the payment terms to PLMA, and if that breach is not cured in the manner and in the time provided by the Plan, then PLMA may file a breach of contract action to obtain a monetary judgment, and proceed with its rights thereon.

14. The effectiveness of this First Amended Chapter 12 Plan dated August 23, 2022 shall not preclude the assertion by Debtor against any creditor of any and all objections to claims, nor the raising by Debtor of offsets, counterclaims or recoupment against any creditor.

15. Notwithstanding any provision in this Plan to the contrary, Debtor shall be entitled to retain any government assistance payments received from any government agency related to or designed to alleviate the effects of COVID-19. Debtor shall be entitled to use any funds received for business operations.

16. Once payments have been made by the Debtor for 5 years, the Debtor shall receive a discharge pursuant to 11 U.S.C. § 1228(a), and the case shall be closed, subject to the claim of PSB Credit Services, Inc. not being discharged until such time as the Tranche A Debt and the Trance B Debt are paid in full under this Plan. For the avoidance of doubt, the Tranche A Debt and Tranche B Debt held by PSB Credit Services, Inc. are allowed claims provided for under 11 U.S.C. §§ 1222(b)(5) and/or 1222(b)(9).

17. Debtor's requested attorney fees shall be held in reserve by the Chapter 12 Trustee until allowed by separate order of the Court.

18. The attached payment schedule illustrates the payment waterfall described in this Plan. The following schedule does not take into account changes to payments resulting from amended claims, or from post-petition tax claims filed in accordance with § 1232. To the extent there is any conflict between the preceding language of the Plan and the following payment schedule, the Plan language shall control.

Page 7 of 7 – Plan Continuation Statements  In re: Mark E. Delong
First Amended Plan Dated August 23, 2022  Case No. 22-30011-pcm12
(As Modified at Confirmation)  {00559327:3}

Exhibit 1 - Page 11 of 13
Case 22-30011-dwh12    Doc 118    Filed 11/10/22

*In re: Mark E. Delong*
*Case Number: 22-30011-dwh12*

**Payment and Distribution Schedule:** The schedule is meant to clarify the schedule of payments described in the plan. The following schedule does not take into account changes to payments resulting from amended claims, or from post-petition tax claims filed in accordance with 11 U.S.C. § 1232.

**PAYMENTS**

| Plan Payment Date | 12/1/2022 | 12/31/2022 | 3/1/2023 | 9/1/2023 | 3/1/2024 | 9/1/2024 | 3/1/2025 |
|---|---|---|---|---|---|---|---|
| Payment Amount | $ 75,000.00 | $ 50,000.00 | $ 75,000.00 | $ 165,000.00 | $ 165,000.00 | $ 165,000.00 | $ 165,000.00 |

**DISTRIBUTIONS**

| | 12/1/2022 | 12/31/2022 | 3/1/2023 | 9/1/2023 | 3/1/2024 | 9/1/2024 | 3/1/2025 |
|---|---|---|---|---|---|---|---|
| PSB Credit Services | $ (66,346.81) | $ - | $ (66,346.81) | $ (132,693.62) | $ (132,693.62) | $ (132,693.62) | $ (132,693.62) |
| Malheur County | $ - | $ (40,000.00) | $ - | $ - | $ - | $ - | $ - |
| Chapter 12 Trustee | $ (6,375.000) | $ (4,250.00) | $ (6,375.000) | $ (14,025.00) | $ (14,025.00) | $ (10,175.00) | $ (4,950.00) |
| M&B (Attorney Fees) | $ (2,278.19) | $ (5,750.00) | $ (2,278.19) | $ (6,281.38) | $ (6,281.38) | $ (10,131.38) | $ (10,000.00) |
| Producers Livestock | $ - | $ - | $ - | $ (12,000.00) | $ (12,000.00) | $ (12,000.00) | $ (10,000.00) |
| Unsecured Creditors | $ - | $ - | $ - | $ - | $ - | $ - | $ (17,356.38) |
| US Small Bus Admin | N/A Paid Direct | N/A Paid Direct | N/A Paid Direct | N/A Paid Direct | N/A Paid Direct | N/A Paid Direct | N/A Paid Direct |

| Notes: | | | | | At this point, the trustee will have distributed more than $450,000, dropping the commission from 8.5% to 3% | | M&B Attorney fees are paid off by this time, allowing "all available funds after attorney fees" to be added to the payments made to PLMA. See Para 2(b)(1). |

Exhibit 1 Page 12 of 13

Case 22-30011-dwh12    Doc 118    Filed 11/10/22

*In re: Mark E. Delong*
*Case Number: 22-30011-dwh12*

**Payment and Distribution Schedule:** The schedule is meant to clarify the schedule of payments described in the plan. The following schedule does not take into account changes to payments resulting from amended claims, or from post-petition tax claims filed in accordance with 11 U.S.C. § 1232.

**PAYMENTS**

| Plan Payment Date | 9/1/2025 | 3/1/2026 | 9/1/2026 | 3/1/2027 | 9/1/2027 |
|---|---|---|---|---|---|
| Payment Amount | $ 165,000.00 | $ 165,000.00 | $ 165,000.00 | $ 165,000.00 | $ 165,000.00 |

**DISTRIBUTIONS**

| | | | | | |
|---|---|---|---|---|---|
| PSB Credit Services | $ (132,693.62) | $ (132,693.62) | $ (132,693.62) | $ (132,693.62) | $ (132,693.62) |
| Malheur County | $ - | $ - | $ - | $ - | $ - |
| Chapter 12 Trustee | $ (4,950.00) | $ (4,950.00) | $ (4,950.00) | $ (4,950.00) | $ (4,950.00) |
| M&B (Attorney Fees) | $ - | $ - | $ - | $ - | $ - |
| Producers Livestock | $ (25,000.00) | $ - | $ - | $ - | $ - |
| Unsecured Creditors | $ (2,356.38) | $ (27,356.38) | $ (27,356.38) | $ (27,356.38) | $ (27,356.38) |
| US Small Bus Admin | *N/A Paid Direct* | *N/A Paid Direct* | *N/A Paid Direct* | *N/A Paid Direct* | *N/A Paid Direct* |

**Notes:**

| |
|---|
| PLMA secured claim is paid off by this time, so remaining plan payment funds are to be distributed to unsecured creditors. |

Exhibit 1 Page 13 of 13

Case 22-30011-dwh12    Doc 118    Filed 11/10/22